IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ASH GROVE CEMENT
COMPANY                                                                                        PLAINTIFF

vs.                                         Civil No. 4:10-cv-04069

MMR CONSTRUCTORS, INC                                                          DEFENDANT

**REPORT AND RECOMMENDATION**
**OF A UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendant, MMR Constructors, Inc.'s ("MMR") Motion to Dismiss. ECF No. 9. Plaintiff has responded to Defendant's Motion. ECF No. 15. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), United States District Judge Harry F. Barnes referred the Motion to the undersigned for decision. The Court having reviewed the pleadings finds Defendant MMR's Motion to Dismiss (ECF. No. 9) should be **DENIED**.

**1. Background**

On May 26, 2010, Plaintiffs filed their original complaint. ECF No. 1. Plaintiff asserts a claim of fraud against MMR arising out of work performed at Ash Grove's Arkansas Cement Plant Project ("the Project").[1] Defendant MMR requests Plaintiffs' case be dismissed pursuant to Federal Rule of Civil Procedure 9(b) and 12(b)(6) because Plaintiffs failed to state a claim upon which relief can be granted, and 12(b)(7) because Plaintiff failed to join a necessary party. ECF No. 9. Plaintiff responded to this and requests that it be denied. ECF No. 15. This motion is currently before this Court.

---

[1] Plaintiff's Complaint also named Contractor Sales and Rentals of Texarkana, LLC ("CSR") as a Defendant, however, this party was dismissed by this Court's Order of October 25, 2010. ECF No. 23.

1

## 2. Applicable Law

According to FED. R. CIV. P. 9(b), "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." To satisfy Rule 9(b), "the complaint must allege 'such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *Drobnak v. Anderson Corp.*, 561 F.3d. 778, 783 (8th Cir. 2009).

Pursuant to FED. R. CIV. P. 12(b)(6), a case may be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." In assessing whether a plaintiff has failed to state a claim, a court should first presume the facts as stated are true. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009). Second, a court must determine whether the plaintiff pleads factual content that allows the court to draw the reasonable inference "that the defendant is liable for the misconduct alleged." *Id.* Dismissal is not proper when the factual allegations in a complaint, which are assumed to be true, are sufficient to state a claim to relief that is plausible on its face. *See Hawks v. J.P. Morgan Chase Bank,* 591 F.3d 1043, 1049 (8th Cir. 2010) (internal quotation marks and citations omitted).

## 3. Discussion

### A. Claim for Fraud

In Plaintiff's Complaint, it is alleged MMR committed acts of fraud arising out of work they performed at Plaintiff's plant in Foreman, Arkansas. ECF No. 1. In the Complaint, Plaintiff makes a series of factual allegations regarding a fraudulent scheme by MMR and CSR to fabricate invoices in regard to MMR's reimbursable material costs on the project. The Complaint alleges there were three fraudulent transactions on December 11, 2008, January 9, 2009, and March 12, 2009, resulting

2

in the misappropriation of $352,779.00.  ECF No. 1, Pgs. 6-11.

According to the Complaint, Plaintiff is the owner of a cement plant in Foreman, Arkansas. On March 8, 2008, Plaintiff entered into a contract with Teton Industrial Construction, Inc. ("Teton") for the construction of a cement facility at the Foreman Plant.  ("the Project").  ECF No. 1, Pg. 3. Teton in turn entered into a subcontract with MMR for electrical installation of the Project.  ECF No. 1, Pg. 4.

Under the contract, Plaintiff agreed to compensate Teton for its actual reimbursable costs. These costs were the actual costs incurred under any subcontract.  ECF No. 1, Pg. 3.  Teton entered into a similar contract with subcontractor MMR.  MMR in turn purchased materials from CSR.  ECF No. 1, Pg. 5-6.

According to the Complaint, because there were several substantial cost overruns on the Project, Plaintiff performed a partial audit of Teton's invoices.  According to Plaintiff, in the course of the audit, they obtained documentation evidencing that MMR and CSR had jointly engaged in a fraudulent scheme to fabricate invoices for materials that MMR acquired from CSR for use on the project.  ECF No. 1, Pg. 6-7.

According to Plaintiff's Complaint, MMR submitted to Teton three billings that contained six fabricated CSR invoices for which Teton reimbursed MMR and for which Plaintiff in turn reimbursed Teton.  These three fraudulent transactions were on December 11, 2008, January 9, 2009, and March 12, 2009.  ECF No. 1, Pg. 7-11.  Plaintiff alleges these fraudulent actions resulted in damages of $352,779.00.  ECF No. 1, Pg. 12.

According to MMR, Plaintiff's Complaint fails to allege MMR obtained anything as a result of the alleged fraud and fails to identify who from either MMR or CSR allegedly committed fraud.

ECF No. 10. MMR's arguments are without merit.

Pursuant to Fed. R. Civ. R. 8(a)(2) a complaint need only contain a short plain statement of the claim showing that the pleader is entitled to relief. Plaintiffs Complaint is in compliance with this rule. Plaintiff's Complaint alleges as follows: (1) Plaintiff agreed by contract to reimburse Teton for Teton's actual costs under any subcontract, (2) Teton entered into a subcontract with MMR and agreed to reimburse MMR for the actual cost of materials they used in the performance of their work, (3) MMR submitted to Teton three billings in which MMR falsely misrepresented the amounts paid to CSR for materials, (4) MMR submitted and obtained reimbursement from Teton for the fraudulent CSR invoices, (5) Teton submitted and obtained reimbursement from Plaintiff for the fraudulent MMR billings which contained the CSR invoices, (6) MMR obtained $352,779.00 from Plaintiff through the use of fraudulent invoices. ECF No. 1.

MMR also argues Plaintiff failed to identify who from either MMR or CSR allegedly committed fraud as required by Rule 9(b) of the Federal Rules of Civil Procedure. The Eighth Circuit has held, however, that Rule 9(b) does not require a complaint to include highly specific allegations with respect to facts that would be known to the defendants but not to the plaintiffs before the plaintiffs have had some opportunity to conduct discovery. *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 921 (8th Cir. 2001).

In this matter, Plaintiff has not had an opportunity to conduct any discovery. Plaintiff's Complaint was filed on May 26, 2010. ECF No. 1. MMR appeared with the filing of their Motion to Dismiss on July 16, 2010. The Court has yet to issue its Initial Scheduling Order. Plaintiff's Complaint has set forth the time, place, and contents of the fraud, along with the amount of the fraud. The complaint does not name the specific individuals with MMR who are responsible for the alleged

fraud, however, this is the type of information that cannot be determined without discovery being conducted.

Plaintiff's Complaint satisfies the requirements of Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure.

### B. Teton a Necessary Party

Defendant MMR also requests Plaintiff's case be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7) because Plaintiff failed to join a necessary party. MMR argues Teton is a necessary party to this lawsuit.

FED. R. CIV. P. 19 governs the required joinder of parties. The first step in deciding if a person should be joined is to determine if a person is a necessary party under section (a) of Rule 19. Rule 19(a) provides that a person whose joinder does not deprive the court of subject matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

If a person is a necessary party, the next step is to determine if the person is indispensable under Rule 19(b). If the person is not a necessary party, then the case can proceed without him and there is no need analyze if the person is indispensable. *Gwartz v. Jefferson Memorial Hospital Association*, 23 F.3d 1426, 1428 (8th Cir. 1994).

MMR argues because the "funds received by MMR from the project were paid to MMR by Teton, not plaintiff," Teton is a necessary party. ECF No. 10, Pg. 2. The Court fails to see how this

makes Teton a necessary party. Plaintiff's allege they reimbursed Teton for the payments it made to MMR in reimbursement for the fraudulent CSR invoices. This does not make Teton a necessary party but only a party with which a party may need to seek discovery from. Because Plaintiff's claim does not implicate Teton, joinder is not necessary because the Court can afford complete relief between Plaintiff and MMR.

MMR also argues Plaintiff's "claim should be dismissed as no contractual relationship exists between MMR and Ash Grove." ECF No. 10, Pg. 2. Plaintiff's claims against MMR are for fraud which are allegations that are "sound in tort." *Preston v. Stoops*, 285 S.W.3d. 606, 610 (Ark. 2008). As a result, Plaintiff action against MMR does not require a contractual relationship.

### 4. Conclusion

Based upon the foregoing, this Court recommends that Defendant MMR's Motion to Dismiss (ECF No. 9) be **DENIED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 30th day of December, 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE