IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ASH GROVE CEMENT COMPANY                                              PLAINTIFF

v.                              Case No. 4:10-CV-04069

MMR CONSTRUCTORS, INC.                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Plaintiff Ash Grove Cement Company's ("Ash Grove") Motion (Doc. 40) to Strike Defendant MMR Constructors, Inc. ("MMR") Affirmative Defenses Two through Eleven, and included Motion to Deem Admitted the allegation contained in Paragraph 27 of the Verified Complaint, and supporting brief (Doc. 41), as well as the various responses and replies thereto. Also before the Court are Ash Grove's Motion to Dismiss First Amended Complaint (Doc. 42), brief in support (Doc. 43), and the various responses and replies thereto. For the reasons stated below, Ash Grove's Motions are **DENIED.**

### I. Motion to Strike Affirmative Defenses

Ash Grove filed a Verified Complaint (Doc. 1) against MMR and Contractor Sales & Rentals of Texarkana, LLC ("CSR") alleging that MMR and CSR engaged in a scheme to defraud Ash Grove in the performance of a contract to provide labor and material for the electrical installation on a construction project to build a cement production facility (the "facility"). Ash Grove entered into a contract with Teton Industrial Construction, Inc. ("Teton") to provide Ash Grove with general contracting services in the construction of the facility. Teton entered into a subcontract with MMR to complete the electrical installation for the facility. The subcontract required MMR to provide

-1-

Teton with certain documentation for the labor and material provided by subcontractors.  CSR was a supplier of materials to MMR in the performance of the subcontract.  The Complaint alleges that MMR submitted fraudulent documentation on materials furnished by CSR and that MMR submitted fraudulent invoices that overbilled Ash Grove for the materials supplied on the electrical installation.  Ash Grove voluntarily dismissed CSR from this action.  (Doc. 23).  MMR's First Amended Answer and Counterclaim (Doc. 38) raised ten affirmative defenses that Ash Grove now moves to strike.  The affirmative defenses are failure to plead fraud with particularity, waiver, release, unclean hands, performance, offset, failure to mitigate damages, consent, and the defenses of res judicata, collateral estoppel, payment and release.  MMR withdrew its affirmative defense of failure to meet essential elements of unjust enrichment.

Ash Grove raises an issue in which there is a split of authority between the district courts in this circuit and in other circuits.  The question presented in Ash Grove's Motion to Strike Affirmative Defenses is whether a defendant asserting an affirmative defense must plead under the heightened standard set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2009) and *Ashcroft v. Iqbal*, ____U.S.____, 129 S.Ct. 1937 (2009).  The heightened standard established by these cases is that to withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949.  Additionally, pleadings that contain mere "labels and conclusions" or " a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555.  In discussing the plausibilty standard established in *Twombly*, the Supreme Court clarified "[t]he plausibility standard is not akin to a 'probability requriement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949.  The new plausibility

standard for claims for relief requires that the pleadings must rise above the speculative level and that there be sufficient facts to put the other party on notice of the claims being asserted. Ash Grove contends that the plausibility standard applies to affirmative defenses, while MMR contends that it only applies to claims for relief, and not to affirmative defenses.

In determining whether the plausibility standard applies to affirmative defenses the Court looks first to the Federal Rules of Civil Procedure. Rule 8(a)(2), which applies to claims for relief, requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Defenses are governed by Rule 8(b), which likewise requires that in responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it; and admit or deny the allegations asserted against it by the opposing party." Neither of those rules applies to affirmative defenses. *See Pollock v. Marshall*, 845 F.2d 656, 657 n.1 (6th Cir. 1988) (stating that Rule 8(b) does not apply when a defendant asserts an affirmative defense). Rule 8(c), which governs affirmative defenses, states that "a party must affirmatively state any avoidance or affirmative defense, including...." The rule then lists affirmative defenses commonly raised in certain actions. Absent from the rule for pleading affirmative defenses is any requirement that there be a "a short and plain statement of the claim" or that the defendant "state in short and plain terms its defenses." Therefore, *Twombly*'s "analysis of the 'short and plan statement' requirement of Rule 8(a) is inapplicable" to Ash Grove's motion under Rule 8(c). *First Natl. Ins. Co. of America v. Camps Services, LTD.*, 2009 WL 22861 at *2 (E.D. Mich. 2009). Requiring affirmative defenses to meet the "plausibility" standard of *Twombly* would be reading language into the Rule 8(c) that does not exist. "An affirmative defense is not a claim for relief, and neither Rule 8(a)(2) nor any other rule requires a defendant to plead facts 'showing' that the plaintiff us *not* entitled to relief. *Wells Fargo*

*& Co. v. United States*, 750 F.Supp.2d 1049, 1051 (D. Minn. 2010).

Some courts have taken the view that the "plausibility" standard should apply to affirmative defenses. Courts adopting this view reason that a plaintiff would be placed in the same position of a defendant trying to address a pleading with nothing more than "threadbare" allegations of the elements of the claim. *See, e.g., Lucas v. Jeruslalem Café, LLC*, 2011 WL 1364075 (W.D. Mo.). These courts believe the parties should be treated the same, even though the language in the rules does not require the same standard of pleading. These same courts generally reason that, without the "plausibility" standard, a plaintiff would not receive "fair notice" of the affirmative defenses, and would be left to speculate on the defenses– which speculation *Twombly* and *Iqbal* intended to avoid by imposing a heightened standard of pleading claims. *See, e.g., Amerisure Insurance Co. v. Thomas,* 2011 WL 3021205 (E.D. Mo. 2011). This Court disagrees with that reasoning.

This Court's interpretation of Rule 8 follows the long-standing practice of answering claims for relief and raising affirmative defenses. While Complaints are generally lengthy and more factually detailed, affirmative defenses are almost always simply listed in answers. A plaintiff, who is bound by the "plausibility" standard under Rule 8(a), has sufficient time to investigate claims before the filing of a complaint, and can plead the facts with more particularity based on his investigation and knowledge of the claim. On the other hand, a defendant, with little time to investigate the facts, must generally file an answer within 21 days. Fed. R. Civ. P. 12(a)(1)(A)(i). Imposing a heightened standard on a defendant to plead facts showing "plausibility" of the affirmative defenses seems unreasonable in light of the time frame the defendant has to respond to the complaint. *See Wells Fargo*, 750 F.Supp.2d at 1051 (reasoning that the "plausibility" requirement is more fairly imposed "on plaintiffs who have years to investigate than on defendants

-4-

who have 21 days"). To reason otherwise would leave a defendant to investigate the facts during the discovery process, only to later seek leave of court to amend his answer to raise new affirmative defenses as sufficient applicable facts came to light. *See id.* (reasoning that applying *Twombly* and *Iqbal* to affirmative defenses would simply serve to add another round of motion practice in many cases, "increasing the burdens on the federal courts, and adding expense and delay for the parties"). The affirmative defenses set out in Rule 8(c), and which are raised by MMR in its First Amended Answer, are affirmative defenses commonly raised in contract claims. A plaintiff has ample opportunity in the discovery process to sort out the facts relied upon by the defendant on its affirmative defenses, and can later challenge those affirmative defenses if they are lacking an adequate basis in fact.

The Court further emphasizes that this issue is before the Court on a Motion to Strike, and "striking a party's pleading . . . is an extreme and disfavored measure." *See, e.g. BJC Health Sys. V. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). The Court, based on the reasons set forth above, cannot find that such an extreme measure is warranted in this case. The Court finds, therefore, that Ash Grove's Motion to Strike MMR's affirmative defenses should be DENIED.

**II. Motion to Deem Admitted**

The Court has reviewed the record in this case, and finds that Ash Grove's Motion to deem as admitted Plaintiff's allegation 27 should be denied. While the pleadings on both sides of this case could have been written more precisely, the Court will not force an admission on MMR for lack of precision. MMR's response to the allegation in question, while perhaps not written in a way that Ash Grove might have liked, is not, and will not be deemed by the Court, to be an admission. Both parties in this case are encouraged, however, from this point forward, to deal with one another in a

-5-

more frank and direct manner so that prolonged litigation might be avoided. The allegation in question involves what would seem to the Court to be a rather straightforward issue of amount of payment received by MMR from Teton for its work on the facility.  Regardless of MMR's lack of knowledge as to the basis for the amount cited by Ash Grove, this seems to be an issue upon which the parties could easily work together to come to a definitive conclusion through the discovery process. Ash Grove's Motion to Deem Admitted is DENIED.

### III. Motion to Dismiss Counterclaim

Also before the Court is Ash Grove's Motion to Dismiss MMR's First Amended Counterclaim (Doc. 42), MMR's Response (Doc. 45), Ash Grove's Reply (Doc. 47), and MMR's Sur-reply (Doc. 49). As a preliminary matter, the Court finds that the heightened pleading standard set forth in *Twombly* and *Iqbal* should apply to counterclaims, since counterclaims are claims for relief akin to claims made by a plaintiff in a complaint.  A defendant asserting a counterclaim should, by the same token, be afforded the same procedural safeguards as are generally afforded a plaintiff when a Court is reviewing a motion to dismiss. In ruling on a 12(b)(6) motion to dismiss, the Court accepts as true all of the factual allegations contained in a complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008); *see also Whitehead v. Delta Beverage Group, Inc.*, 2006 U.S. Dist. LEXIS 93493 (W.D. Ark. 2006). All reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Complaints should be liberally construed in the plaintiff's favor and "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their]  claim[s] which would entitle [them] to

relief." *Rucci v. City of Pacific*, 327 F.3d 651, 652 (8th Cir. 2003)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The Court, based on the above-cited precedent, has liberally construed and drawn all reasonable inferences from MMR's counterclaim in favor of MMR.  MMR's counterclaim alleges very few facts upon which its claim for damages is based. However, the Court finds that MMR has alleged enough such that its claim is not based on mere "labels and conclusions," *Twombly*, 550 U.S. at 555, and has established "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 129 S.Ct. at 1949.  Specifically, MMR made factual assertions alleging that a settlement agreement was executed between MMR, Teton and Ash Grove which encompassed and resolved the claims Ash Grove now brings.  MMR also attached a copy of the settlement agreement for the Court's review. While MMR's counterclaim does present a close call under *Twombly* and *Iqbal*, the Court finds that Ash Grove's Motion to Dismiss MMR's counterclaim (Doc. 42) should be DENIED. The Court will allow for discovery to develop any relevant facts related to MMR's claim. If Ash Grove believes, after factual development of the claim, that MMR's counterclaim is lacking an adequate basis in fact, Ash Grove remains free to file a motion for summary judgment at a later date.

## IV. Conclusion

For all the reasons stated above, this Court adopts the view that the "plausibility" standard imposed by *Twombly* and *Iqbal* on claims for relief do not apply to affirmative defenses raised under Rule 8(c).  **IT IS THEREFORE ORDERED** that Ash Grove's Motion to Strike Affirmative Defenses (Doc. 40) is **DENIED.** The Court notes that, based on paragraph 10 of MMR's Response (Doc. 44), MMR's third affirmative defense is withdrawn.

**IT IS FURTHER ORDERED** that Ash Grove's Motion to Deem Admitted (Doc. 40) is **DENIED.**

**IT IS FURTHER ORDERED** that Ash Grove's Motion to Dismiss MMR's First Amended Counterclaim (Doc. 42) is **DENIED.**

**IT IS FURTHER ORDERED** that, because the above-referenced motions were decided on the pleadings, the parties Joint Motion for a Hearing (Doc. 50) on the motions is **DENIED AS MOOT.**

IT IS SO ORDERED this 29th day of August 2011.


*/s/ P. K. Holmes,* III
P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE